IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GEORGE E. FILLMORE                                                                                   PLAINTIFF

v.                                            CIVIL NO. 20-5199

KILOLO KIJAKAZI,[1] Acting Commissioner
Social Security Administration                                                                       DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, George E. Fillmore, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on April 25, 2018, alleging an inability to work since October 1, 2013,[2] due to a bulging disc in the back, two

---

[1] Kilolo Kijakazi, has been appointed to serve as Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] At the administrative hearing on December 11, 2019, Plaintiff, through his counsel, amended his alleged onset date to March 19, 2015. (Tr. 15, 54). The Court notes that there is a more recent hearing decision denying applications for DIB and SSI dated February 14, 2018. (Tr. 74). This previous administrative hearing decision and how it might impact Plaintiff's alleged onset date

1

deteriorating discs in the lower back, four heart stints, dizziness and blacking out spells, severe headaches, traces of glaucoma and cataracts, depression, and anxiety. (Tr. 101, 272, 274). An administrative hearing was held on December 11, 2019, at which Plaintiff appeared with counsel and testified. (Tr. 49-70).

By written decision dated January 16, 2020, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 18). Specifically, the ALJ found Plaintiff had the following severe impairments: coronary artery disease, a disorder of the lumbar spine, a disorder of the cervical spine, and headaches. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 20). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).

(Tr. 20). With this RFC, the ALJ determined Plaintiff could perform his past relevant work as a salesperson, parts. (Tr. 26).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on October 8, 2020. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (ECF Nos. 13-15).

---

with the current application were not addressed by the ALJ in the January 16, 2020, hearing decision.

**II.     Applicable Law:**

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently.  *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

**III.     Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required

to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." *Id*.

In the present case, the ALJ determined Plaintiff had the RFC to perform a full range of light work. In doing so, the ALJ specifically addressed Plaintiff's neck and lower back impairments and how these impairments impacted Plaintiff's RFC. While the ALJ found Plaintiff's headaches to be a severe impairment, there was no discussion in the hearing decision addressing how Plaintiff's headaches were taken into account when formulating the RFC. A review of the record revealed Plaintiff was diagnosed with headaches during the time period in question, and that Plaintiff sought treatment for his headaches. Plaintiff also testified at the administrative hearing in December of 2019, that he experienced a headache almost daily. Because the ALJ found Plaintiff's headaches to be a severe medically determinable impairment that significantly limited his ability to perform basic work activities, the ALJ was required to consider the impact of the headaches when formulating the RFC but failed to do so in this case. *See Reza v. Saul*, 4:19-CV-04124-VLD, 2020 WL 1866477 at *17 (D.S.D. April 14, 2020) (remanding where ALJ found severe impairment of migraine headaches at step two but failed to determine its effect on Reza's ability to work) (citations omitted). As a result, remand for clarifications of this issue is required.

While on remand, the Court recommends the ALJ address the evidence in the record regarding Plaintiff's past relevant work as a salesperson, parts. There is evidence in the record suggesting that Plaintiff's work as a salesperson was actually a composite job that required work at exertional levels exceeding light work. On remand, the ALJ should address this inconsistency and if needed proceed to Step 5 of the sequential evaluation process.

**IV.    Conclusion:**

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of September 2021.

/s/   *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE